UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-21942-CIV-GOLD
MAGISTRATE JUDGE P. A. WHITE

CHARLES EDWARD DAVIS, II,          :

      Plaintiff,                   :

v.                                 :          REPORT OF
                                                  MAGISTRATE JUDGE
DADE COUNTY JAIL CHS HEALTH       :
SERVICES, ET AL.,

      Defendant.                   :
_____    :

On July 13, 2009, Charles Edward Davis, II, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. §1983 [DE# 1], while confined at Marion Correctional Institution, and a Motion for Leave to File Amended Complaint [DE# 6], which included an amendment to the complaint. The plaintiff has also filed a motion for temporary restraining order (TRO) (DE#10), referred to the Undersigned Magistrate Judge.

The plaintiff alleged in his complaint, that he was a confidential informant for Miami Dade internal affairs, and subject to excessive force and other torture while he was detained at the Miami-Dade County Jail in 2007. Although he named several defendants, he made no specific allegations against any of the named defendants in the body of the initial complaint. In the amended complaint, the plaintiff refers to several of the defendants, but as drafted it was not possible to ascertain how each individual defendant allegedly violated the plaintiff's constitutional rights.

Accordingly, this Complaint/Amended Complaint was insufficient to proceed, and subject to dismissal. However, because the Complaints were drafted while the plaintiff was acting *pro se*, in an effort to construe the instant *pro se* pleadings liberally, the

plaintiff was permitted to amend his complaint on or before September 11, 2009. The plaintiff then filed a change of address to Ocala, care of his father, Charles E. Davis, Sr., as he understood he was to be relocated. A second order, permitting the plaintiff to amend his complaint by December 11, 2009, was sent to the Ocala address he provided to the Court.  The plaintiff was cautioned that failure to file the required amended complaint may result in dismissal of the case, without prejudice.

The plaintiff has failed to comply with the Court's Order. It is unclear where the plaintiff is now located. Research at the Florida Department of Corrections website indicates that he is out of custody by Court Order.

It is therefore recommended that the complaint be dismissed without prejudice for lack of prosecution.

The plaintiff filed a motion for a temporary restraining order (TRO) (DE#10) on November 18, 2009 from the RMC in Lake Butler, Florida. He alleged that he had been assaulted by officers at Marion Correctional Institution. Marion Correctional is located in Marion County, in the Middle District of Florida. He further stated that he was to have a hearing in Miami Dade County on December 10, 2009, and was afraid that he would be assaulted by Miami Dade Officers. Research at the Florida Department of Corrections website indicates only that the plaintiff is out of custody by Court Order.

Any violations occurring at Marion Correctional Institution must be filed in the Middle District. See 28 U.S.C. §1391(b). As to plaintiff's anticipation of assault by Miami Dade Officers, he has not notified the Court where he is at this present time. It cannot

be determined if the motion for a TRO is moot, or if the plaintiff is now in Miami Dade custody.

It is therefore recommended that the motion for a temporary restraining order (DE#10) be dismissed without prejudice. If the plaintiff is in the custody of Miami Dade, he must file a notice with the Court, and amend his motion for a TRO. If the plaintiff is placed back in Marion CI he may file the motion for a TRO in the Middle District of Florida.

Dated at Miami, Florida, this 5th day of January, 2010.

_____
UNITED STATES MAGISTRATE JUDGE


cc:  Charles Edward Davis, II, Pro Se
     DC No. D14298
     c/o Charles Davis Sr.
     Ocala, FL
     Address of record